THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RANDALL A., **Plaintiff,** v. **FRANK BISIGNANO,[1] Commissioner of Social Security,** **Defendant.** | **MEMORANDUM DECISION AND ORDER** **Case No. 2:25-cv-00100-JCB** **Magistrate Judge Jared C. Bennett** |

PROCEDURAL BACKGROUND[2]

Plaintiff Randall A. ("Plaintiff") alleges disability due to various physical and mental impairments. Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act[3] and Supplemental Security Income under Title XVI of the Social Security Act[4] in July 2022.[5] Plaintiff's claims were denied initially[6] and upon reconsideration.[7] On November 14, 2023, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge

---

[1] Frank Bisignano is now the Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), he has been substituted as the Defendant in this case. ECF No. 12.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment. ECF No. 9.

[3] 42 U.S.C. §§ 401-434.

[4] 42 U.S.C. §§ 1381-1383f.

[5] ECF No. 11, Administrative Record ("AR ___") 255-72.

[6] AR 90-109.

[7] AR 110-31.

("ALJ").[8] The ALJ issued a written decision on February 8, 2024, denying Plaintiff's claims.[9] Plaintiff appealed the adverse ruling, and, on January 17, 2025, the Appeals Council denied his appeal,[10] making the ALJ's decision final for purposes of judicial review.[11] Plaintiff then filed suit in this court seeking review of Commissioner of Social Security Frank Bisignano's ("Commissioner") final decision.[12]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[13] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[14] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[15] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[16] "The failure to apply the correct

---

[8] AR 29-74.

[9] AR 12-28.

[10] AR 1-7.

[11] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[12] ECF No. 2.

[13] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation modified).

[14] 42 U.S.C. § 405(g).

[15] *Lax*, 489 F.3d at 1084 (citation modified).

[16] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (citation modified).

legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[17]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[18] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[19]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[20]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[21] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[22] Before considering step four,

---

[17] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (citation modified).

[18] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[19] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

[20] *Williams*, 844 F.2d at 750-51 (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[21] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[22] *Williams*, 844 F.2d at 751.

however, the ALJ must determine the claimant's residual functional capacity ("RFC").[23] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[24] In making this determination, the ALJ must consider all the claimant's impairments, including impairments that are not severe.[25]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[26] "If the claimant is able to perform his previous work, he is not disabled."[27] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[28]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[29] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[30] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[31] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[32]

---

[23] 20 C.F.R. §§ 404.1520(a)(4), (e), 416.920(a)(4), (e).

[24] *Id.* §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[25] *Id.* §§ 404.1545(a)(2), (e), 416.945(a)(2), (e).

[26] *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[27] *Williams*, 844 F.2d at 751.

[28] *Id.*

[29] *Id.*

[30] *Id.* (citation modified); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ANALYSIS**

Plaintiff presents two arguments on appeal. First, Plaintiff contends that the ALJ erred by failing to include a limitation in Plaintiff's RFC concerning Plaintiff's ability to stand and walk. Second, Plaintiff asserts that the Appeals Council erred by applying the incorrect regulatory definition of past relevant work. As shown below, both arguments fail. Therefore, the court affirms the Commissioner's decision.

I.  **Plaintiff Fails to Show That the ALJ Erred by Failing to Include a Limitation in Plaintiff's RFC Regarding Plaintiff's Ability to Stand and Walk.**

Plaintiff fails to demonstrate that the ALJ erred by failing to include a limitation on standing and walking in Plaintiff's RFC. Plaintiff's argument references certain medical opinions but does not adequately challenge the ALJ's assessment of any medical opinion. Instead, Plaintiff points to selective portions of certain medical opinions that, according to Plaintiff, show that he has limitations in his ability to stand and walk. Plaintiff's argument is nothing more than an invitation for the court to reweigh the evidence before the ALJ, which the court cannot accept.[33] Accordingly, Plaintiff's argument fails.

---

[33] *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) ("In reviewing the record to make the substantial evidence determination, [the court] may [neither] reweigh the evidence nor substitute [its] judgment for the Commissioner's." (citation modified)); *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (citation modified)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (citation modified)).

II.     **The Appeals Council Did Not Err in Its Application of the Regulatory Definition of Past Relevant Work.**

Contrary to Plaintiff's argument, the Appeals Council applied the correct regulatory definition of past relevant work. Under the regulations in effect at the time of the ALJ's February 2024 decision, past relevant work was defined as "work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it."[34] In new regulations that became effective on June 22, 2024, the timeframe for past relevant work changed from 15 years to 5 years.[35] Where, as here, a claimant's Date Last Insured ("DLI") is in the future,[36] the Commissioner uses the date of adjudication as the point of reference for determining the timeframe for past relevant work.[37]

Relying on the old regulations, the ALJ determined that Plaintiff was not disabled because Plaintiff could perform his past relevant work.[38] Although Plaintiff does not take issue with the ALJ's reliance on the old regulations, he argues that the Appeals Council should have applied the new regulations because it denied Plaintiff's appeal in January 2025, which was after the effective date of the new regulations. Based on his contention that his last work ended on June 15, 2019,[39] Plaintiff maintains that if the Appeals Council had applied the new 5-year timeframe for past relevant work from the date of the Appeals Council's decision, he would have

---

[34] 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) (2012).

[35] *Id*. §§ 404.1560(b)(1)(i), 416.960(b)(1)(i) (2024).

[36] AR 18 (determining that Plaintiff's DLI is September 30, 2026).

[37] SSR 24-2p, 2024 WL 3291790, at *3 (June 6, 2024).

[38] AR 22.

[39] ECF No. 15 at 16 of 25.

no past relevant work. Plaintiff's argument fails because it has been rejected by the United States Court of Appeals for the Tenth Circuit in *Tina W. v. Comm'r, SSA*.[40]

In that case, the Tenth Circuit noted that "'[r]etroactivity is not favored in the law'" and that "'administrative rules will not be construed to have retroactive effect unless their language requires this result.'"[41] The court concluded that there was nothing in the new regulations defining past relevant work that required it to apply the regulations to cases "that were decided before the regulation was revised and became effective."[42] Importantly, the court applied the version of the regulations that were "'in effect at the time of the ALJ's decision.'"[43] Relying on *Tina W.*, another district court in the Tenth Circuit reached the same conclusion.[44]

Thus, the date of the ALJ's decision—not the date of the Appeals Council's decision—is the relevant date for determining which regulations the Appeals Council must apply. Because the ALJ's decision was issued prior to the effective date of the new regulations for past relevant work, the Appeals Council did not err by applying the old regulations.

---

[40] No. 24-4029, 2024 WL 5165687, at *3 (10th Cir. Dec. 19, 2024).

[41] *Id*. (quoting *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988)).

[42] *Id*.

[43] *Id*. (quoting *Newbold v. Colvin*, 718 F.3d 1257, 1261 n.2 (10th Cir. 2013)).

[44] *James D. v. Dudek*, No. CIV-24-941-SM, 2025 WL 942618, at *5 (W.D. Okla. Mar. 27, 2025).

**ORDER**

For the reasons stated above, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this 27th day of March 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge